Scott J. Ferrell, Bar No. 202091
sferrell@pacifictrialattorneys.com
David W. Reid, Bar No. 267382
dreid@pacifictrialattorneys.com
**PACIFIC TRIAL ATTORNEYS, P.C.**
4100 Newport Place Drive, Suite 800
Newport Beach, California 92660
Telephone: (949) 706-6464
Facsimile:  (949) 706-6469

Attorneys for Defendants
NORTHERN INNOVATIONS HOLDING
CORP., LAKESIDE INNOVATIONS
HOLDING CORP., IOVATE HEALTH
SCIENCES INTERNATIONAL, INC.,
IOVATE HEALTH SCIENCES U.SA. INC.
(misidentified as IOVATE HEALTH
SCIENCES INTERNATIONAL U.S.A., INC.)

UNITED STATE DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORGAIN, INC.,<br><br>Plaintiff,<br><br>v.<br><br>NORTHERN INNOVATIONS HOLDING CORP. DBA PURELY INSPIRED, a Canadian Corporation; LAKESIDE INNOVATIONS HOLDING CORP., a Canadian Corporation; IOVATE HEALTH SCIENCES INTERNATIONAL, INC., a Canadian Corporation; IOVATE HEALTH SCIENCES INTERNATIONAL U.S.A., INC., a Delaware Corporation,<br><br>Defendants. | Case No. 8:18-cv-01253 JLS (ADSx)<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**<br><br>[Request for Judicial Notice filed concurrently herewith]<br><br>DATE:     November 16, 2018<br>TIME:     2:30 p.m.<br>CTRM:    10A<br>JUDGE:   Hon. Josephine L. Staton |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on November 16, 2018, at 2:30 p.m., or as soon thereafter as the matter may be heard before the Honorable, United States District Judge, in Courtroom 10A of the United States District Court for the Central District of California, located at 411 West 4th Street, Santa Ana, California 92701-4516, Defendants NORTHERN INNOVATIONS HOLDING CORP., LAKESIDE INNOVATIONS HOLDING CORP., IOVATE HEALTH SCIENCES INTERNATIONAL, INC., and IOVATE HEALTH SCIENCES U.SA. INC. (misidentified as IOVATE HEALTH SCIENCES INTERNATIONAL U.S.A., INC.) (collectively, "Defendants") will and hereby do move to dismiss the Complaint in part for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

This motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on September 13, 2018.

This motion is based upon this Notice of Motion, the concurrently-filed Memorandum of Points and Authorities in support thereof, all of the papers and pleadings on file in this action, and upon such other and further evidence as the Court may consider at the hearing of the motion.

Dated: September 14, 2018      PACIFIC TRIAL ATTORNEYS
                               A Professional Corporation


                               /s/Scott J. Ferrell_____
                               Scott J. Ferrell
                               Attorneys for Defendants
                               NORTHERN INNOVATIONS HOLDING CORP.,
                               LAKESIDE INNOVATIONS HOLDING CORP.,
                               IOVATE HEALTH SCIENCES INTERNATIONAL,
                               INC., IOVATE HEALTH SCIENCES U.SA. INC.
                               (misidentified as IOVATE HEALTH SCIENCES
                               INTERNATIONAL U.S.A., INC.)

TABLE OF CONTENTS

I. INTRODUCTION ............................................................................................. 1

II. BACKGROUND .............................................................................................. 1

III. ARGUMENT .................................................................................................... 2

    A. The Legal Standard Requires a *Plausible* Claim for Relief. ........................... 2

    B. Plaintiff Cannot Plausibly Claim to Own "Organic Protein" Because it is a Generic Term. ................................................................ 5

    C. The Court Can Determine that "Organic Protein" is Generic Based on the Pleadings and Judicially Noticed Facts. ................................... 7

    D. All Claims Based on Plaintiff's Alleged Ownership of "Organic Protein" or Iovate's Use of "Organic Protein" Should Be Dismissed. ............................................................................................. 9

    E. Plaintiff's State False Advertising Claim Should Be Dismissed In Its Entirety. ................................................................................................ 10

IV. CONCLUSION ............................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*A.H. Lundberg Assocs., Inc. v. TSI, Inc.*,
  2014 WL 5365514 (W.D. Wash. Oct. 21, 2014) ............................................................ 4

*Anti-Monopoly, Inc. v. General Mills Fun Group*,
  611 F.2d 296 (9th Cir. 1979) ....................................................................................... 5

*Architectural Mailboxes, LLC v. Epoch Design, LLC*,
  2011 WL 1630809 (S.D. Cal. Apr. 28, 2011) ........................................................... 4, 5

*Ashcroft v. Iqbal*,
  556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ...................................... 3, 11

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ............................................ 3

*CES Pub. Corp. v. St. Regis Publications, Inc.*
  531 F.2d 11 (2d Cir. 1975) ....................................................................................... 6, 8

*Closed Loop Marketing, Inc. v. Closed Loop Marketing*,
  LLC, 589 F. Supp. 2d 1211 (E.D. Cal. 2008) .......................................................... 8, 10

*Colony Cove Props., LLC v. City of Carson*,
  640 F.3d 948 (9th Cir. 2011) ....................................................................................... 8

*Daniels-Hall v. Nat'l Educ. Ass'n*,
  629 F.3d 992 (9th Cir. 2010) ....................................................................................... 3

*Ebeid ex rel. United States v. Lungwitz*,
  616 F.3d 993 (9th Cir. 2010) ....................................................................................... 4

*Energy Intelligence Group, Inc. v. UBS Financial Services, Inc.*,
  No. 08 Civ. 1497, 2009 WL 1490603 (S.D.N.Y. May 22, 2009) ................................ 9

*Filipino Yellow Pages, Inc. v. Asian Journal Publ'ns, Inc.*
  198 F.3d 1143 (9th Cir. 1999) .............................................................................. 5, 6, 9

*Glow Indus., Inc. v. Lopez*,
  252 F. Supp. 2d 962 (C.D. Cal. 2002) ....................................................................... 10

*Grupo Gigante S.A. de C.V. v. Dallo & Co.*
   391 F.3d 1088 (9th Cir. 2004) ........................................................................... 9

*Image Online Design, Inc. v. Internet Corporation for Assigned Names and Numbers*,
   2013 WL 489899 (C.D. Cal. 2013) ............................................................... 8, 9

*In re Sony Grand Wega KDF–E A10/A20 Series Rear Projection HDTV Television Litig.*,
   758 F. Supp. 2d 1077 (S.D. Cal. 2010) ........................................................... 10

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120, 1125-27 (9th Cir. 2009) ............................................................ 4

*Kendall-Jackson Winery v. E. & J. Gallo Winery*,
   150 F.3d. 1042 (9th Cir. 1998) .......................................................................... 5

*Le Book Publ'g, Inc. v. Black Book Photography, Inc.*,
   418 F. Supp. 2d 305 (S.D.N.Y. 2005) ............................................................... 9

*LT Int'l Ltd. v. Shuffle Master, Inc.*,
   8 F. Supp. 3d 1238 (D. Nev. 2014) ........................................................... 3, 4, 5

*Merritt Forbes & Co., Inc. v. Newman Inv. Secs., Inc.*,
   604 F. Supp. 943 (S.D.N.Y. 1985) .................................................................... 9

*Mintz v. Subaru of America, Inc.*,
   716 Fed. Appx. 618 (9th Cir. 2017) .................................................................. 8

*New West Corp. v. NYM Co. of California, Inc.*,
   595 F.2d 1194 (9th Cir. 1979) ........................................................................... 5

*Official Airline Guides, Inc. v. Goss*,
   6 F.3d 1385 (9th Cir. 1993) ............................................................................... 6

*Playboy Enters., Inc. v. Netscape Commc'ns Corp.*,
   354 F.3d 1020 (9th Cir. 2004) ......................................................................... 10

*Premier Nutrition, Inc. v. Organic Food Bar, Inc.*,
   No. 08-55656, 327 Fed. Appx. 723 (9th Cir. May 15, 2009) ........................ 6, 7

*Premier Nutrition, Inc. v. Organic Food Bar, Inc.*,
   No. SACV 06-0827 AG, 2008 WL 1913163 (C.D. Cal. Mar. 27, 2008)
   (Guilford, J.) ....................................................................................................... 6

*Rice v. Fox Broadcasting Co.*,
   330 F.3d 1170 (9th Cir. 2003) ............................................................................... 10

*Somers v. Apple, Inc.*
   729 F.3d 953 (9th Cir. 2013) ................................................................................... 2

*Surgicenters of Am. v. Medical Dental Surgeries*,
   601 F.2d 1011 (9th Cir. 1979) ............................................................................ 6, 7

*Tellabs v. Makor Issues and Rights*,
   551 U.S. 308, 127 S. Ct. 2499 (2007) ..................................................................... 8

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003) ............................................................................ 3, 4

*VP Racing Fuels, Inc. v. Gen. Petroleum*,
   673 F. Supp. 2d 1073 (E.D. Cal. 2009) ................................................................ 10

*Wayne v. Leal*,
   No. 07-1605, 2009 WL 2406299 (S.D. Cal. Aug. 4, 2009) .................................... 7

*Yelp Inc. v. Catron*,
   No. 13-CV-02859-WHO, 2014 WL 4966706 (N.D. Cal. Oct. 1, 2014) .............. 10

**Federal Statutes**

15 U.S.C.
   § 1125 ...................................................................................................................... 2
   § 1125(a)(1)(B) ....................................................................................................... 4

Lanham Act ................................................................................................... 4, 5, 9, 10
   § 43(a) ..................................................................................................................... 5

**California Statutes**

Cal. Bus. & Prof. Code
   § 17200 ......................................................................................................... 2, 4, 10
   § 17500 ..................................................................................................... 2, 4, 10, 11

**Federal Rules**

Federal Rule of Civil Procedure
   Rule 8 ...................................................................................................................... 5
   Rule 8(a) .................................................................................................................. 5
   Rule 8(a)(2) ............................................................................................................. 3

- iv -
DEFS' MOTION TO DISMISS

Rule 9 ............................................................................................................... 3
Rule 9(b) ................................................................................................... 3, 4, 5
Rule 12(b)(6) ............................................................................................ 2, 8, 9

Local Rule 7-3 ....................................................................................................... 2

**Other Authorities**

Cambridge Dictionary ........................................................................................... 7

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This action alleges that the defendants are liable for trademark infringement, unfair competition, and false advertising based on their use of: (1) the term "organic protein," and (2) certain design elements on product packaging. Specifically, Plaintiff Orgain, Inc. ("Plaintiff") alleges that Defendants Northern Innovations Holding Corp.,[1] Lakeside Innovations Holding Corp., Iovate Health Sciences International, Inc., and Iovate Health Sciences U.S.A. Inc.[2] (collectively, "Iovate" or "Defendants") are violating rights that Plaintiff purportedly owns in the term "organic protein," and additionally are violating Plaintiff's rights in its purported trade dress.

The claims in the Complaint based on Iovate's use of "organic protein" should be dismissed. These claims are not plausible, and therefore do not meet the threshold standard required to survive a motion to dismiss. As a matter of law, the term "organic protein" is generic and not subject to any trademark protection. Thus, the Complaint should be dismissed with prejudice as to these claims. In addition, Plaintiff's state law false advertising claim should be dismissed entirely, because Plaintiff has not identified any misleading statements upon which this claim is based.

## II. BACKGROUND

Iovate was founded (through its predecessor-in-interest) in 1995, and since that time has grown into a leading provider of nutrition products, which are sold under various brands corresponding to each of the companies' different product lines. Iovate's products are sold directly to consumers and are also sold through well-known retailers such as Costco, Wal-Mart, and Walgreens. The product that is the subject of this lawsuit,

---

[1] Plaintiff named this party as "Northern Innovations Holding Corp. dba Purely Inspired," but the "dba Purely Inspired" is inaccurate.
[2] Iovate Health Sciences U.S.A. Inc., a Delaware corporation, is misidentified in the Complaint as "Iovate Health Sciences International U.S.A., Inc.," a Delaware corporation, the latter of which does not exist.

an organic protein powder sold under Iovate's PURELY INSPIRED brand, is currently the top selling organic plant-based protein powder in the United States.

On July 18, 2018, Plaintiff commenced this action against Iovate, alleging trademark and trade dress infringement, unfair competition, and false designation of origin under 15 U.S.C. § 1125, unfair competition under Cal. Bus. & Prof. Code § 17200, false advertising under Cal. Bus. & Prof. Code § 17500, and state trademark infringement and unfair competition under common law, all allegedly resulting from Iovate's use of the term "organic protein" and a trade dress Plaintiff claims is similar to its own.

Plaintiff alleges that it began providing protein supplement products in 2009. (Compl. ¶ 2.) Plaintiff alleges that it introduced its "ORGANIC PROTEIN brand" in 2013, and that the "ORGANIC PROTEIN brand has acquired great value as an identifier of Orgain's products and serves to distinguish Orgain's ORGANIC PROTEIN products from those of others in the marketplace." (Compl. ¶¶ 13, 27.) Plaintiff alleges that Iovate "changed the brand of its product to ORGANIC PROTEIN," and that if Iovate is allowed to "manufacture, promote and sell its ORGANIC PROTEIN branded product, infringement and unfair competition will continue to occur…." (Compl. ¶¶ 32, 48.) Plaintiff seeks relief including an injunction forcing Iovate to cease "all offering of goods and services using the term ORGANIC PROTEIN" and to destroy all materials "bearing (i) the trademark ORGANIC PROTEIN in any manner…." (Compl. at 22:11-15, 22:17-24; Prayer for Relief ¶¶ E and F.)

On September 13, 2018, Iovate conducted a meet and confer as to the instant motion pursuant to Local Rule 7-3.

## III. ARGUMENT

### A. The Legal Standard Requires a *Plausible* Claim for Relief.

Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc*. 729 F.3d 953, 959 (9th Cir. 2013).

To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully . . . . When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R Civ. P. 8(a)(2)). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id; see also Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (court need not accept allegations that are "merely conclusory, unwarranted deductions of fact, or unreasonable inferences").

In addition, given that the allegations indicate that Iovate's conduct was allegedly fraudulent, (*see* Compl. ¶ 72), Plaintiff must meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) and "include 'the who, what, when, where, and how' of the alleged false advertising." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). "A complaint is subject to deeper scrutiny when it contains allegations of fraud or mistake." *LT Int'l Ltd. v. Shuffle Master, Inc.*, 8 F. Supp. 3d 1238, 1243 (D. Nev. 2014). Rule 9 of the Federal Rules of Civil Procedure requires a party to

"state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Rule 9(b)'s "particularity" standard requires a plaintiff to "identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false." *Ebeid ex rel. United States v. Lungwitz,* 616 F.3d 993, 998 (9th Cir. 2010). "The absence of even one of these identifiers justifies dismissal." *LT Int'l Ltd. v. Shuffle Master, Inc.*, 8 F. Supp. 3d 1238, 1246 (D. Nev. 2014).

"In cases where fraud is not a necessary element of a claim, a plaintiff may choose nonetheless to allege in the complaint that the defendant has engaged in fraudulent conduct and rely entirely on that course of conduct as the basis of a claim. In that event, the claim is said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b)." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003). "Indeed, it is likely that most false advertising claims under § 1125(a)(1)(B) will trigger Rule 9(b) scrutiny because the first prong of the standard requires alleging that the defendant made a 'false' statement and, thus, the plaintiff will allege either that a 'false' representation was made with the intent to deceive (fraud), or that the false representation was made unwittingly, without the intent to deceive (mistake)." *LT Int'l Ltd. v. Shuffle Master, Inc.*, 8 F. Supp. 3d 1238, 1245 n.16 (D. Nev. 2014).

"[T]he majority of district courts within the Ninth Circuit have extended the Ninth Circuit's application of Rule 9(b) pleading standards in *Kearns [v. Ford Motor Co.*, 567 F.3d 1120, 1125-27 (9th Cir. 2009) (applying Rule 9(b) to claim for false advertising under California Business and Professions Code section 17200)] and *Vess [v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102-04 (9th Cir. 2003) (applying Rule 9(b) to claim for false advertising under California Business and Professions Code section 17500)], to false advertising claims under the Lanham Act." *A.H. Lundberg Assocs., Inc. v. TSI, Inc.*, 2014 WL 5365514, at *7 (W.D. Wash. Oct. 21, 2014); *Architectural Mailboxes, LLC v. Epoch*

*Design, LLC*, 2011 WL 1630809, at *5 (S.D. Cal. Apr. 28, 2011) (finding that the plaintiff's false advertising claim under the Lanham Act "is subject to the pleading requirements of Rule 9(b)") ("District courts have . . . extended that [9(b)] rule to false advertising claims under the Lanham Act").

"Thus, claims grounded in fraud or mistake must meet both the 'plausibility' standard of Rule 8(a) and the 'particularity' standard of Rule 9(b), ensuring they meet 'Rule 8's requirement of simplicity, directness, and clarity,' which 'has among its purposes the avoidance of unnecessary discovery.'" *LT Int'l Ltd.*, 8 F. Supp. 3d at 1243 (citations omitted).

### B. Plaintiff Cannot Plausibly Claim to Own "Organic Protein" Because it is a Generic Term.

A claim under section 43(a) of the Lanham Act requires two elements: (1) a protectable ownership interest in the mark, and (2) that defendant's use of the name creates a likelihood of confusion among the public. *New West Corp. v. NYM Co. of California, Inc*., 595 F.2d 1194, 1198-1202 (9th Cir. 1979). Plaintiff's claim that it owns protectable rights in the term "organic protein," and that Iovate violates those rights by also using the term "organic protein," are facially implausible. The term "organic protein" is a generic term that is not and can never be subject to trademark protection.

A generic term "simply states what the product is." *Kendall-Jackson Winery v. E. & J. Gallo Winery*, 150 F.3d. 1042, 1047 n.8 (9th Cir. 1998) (holding grape leaf design generic for wine as matter of law and affirming summary adjudication for defendant). In other words, if the primary significance of a term is to identify "the type of product rather than the producer," it is a generic term. *Anti-Monopoly, Inc. v. General Mills Fun Group*, 611 F.2d 296, 304 (9th Cir. 1979).

Because a generic term identifies the product category, it is the "very antithesis of a mark" and "cannot become a trademark under any circumstances." *Filipino Yellow Pages, Inc. v. Asian Journal Publ'ns, Inc*. 198 F.3d 1143, 1147 (9th Cir. 1999). Allowing trademark protection for generic terms "would grant the owner of the mark a monopoly,

since a competitor could not describe his goods as what they are." *Surgicenters of Am. v. Medical Dental Surgeries*, 601 F.2d 1011, 1016 (9th Cir. 1979) (holding SURGICENTER generic) (quoting *CES Pub. Corp. v. St. Regis Publications, Inc*. 531 F.2d 11, 13 (2d Cir. 1975) (holding CONSUMER ELECTRONICS generic and instructing district court to dismiss complaint).

To determine whether a term is generic, the Ninth Circuit applies the "who are you/what are you" test. Under that test, a protectable mark "answers the buyer's questions 'Who are you?' 'Where do you come from?' 'Who vouches for you?' But the generic name of the product answers the question 'What are you?'" *Filipino Yellow Pages, Inc. v. Asian Journal Publs., Inc*., 198 F.3d 1143, 1147 (9th Cir. 1999) (quoting *Official Airline Guides, Inc. v. Goss*, 6 F.3d 1385, 1391 (9th Cir. 1993)).

Applying the "who are you/what are you" test to Plaintiff's purported mark "organic protein," it is clear that this is a generic term and not a trademark. In an analogous case, a plaintiff filed an action in this Court seeking declaratory judgment concerning the defendant and counterclaimant's accusations that the plaintiff had infringed the defendant's alleged trademark in the term "organic food bar." The plaintiff and counterclaim-defendant asked the Court to find the term "organic food bar" to be a generic term, unprotectable by trademark law. In granting summary judgment in favor of the plaintiff, the Court explained:

> "Defendant, in marketing bars made of food that are organic, does not use the words in a way different from their common meanings. It seems that Defendant is describing exactly the type of product it sells. Thus, 'organic food bar' does not indicate the ingredients or function of the snack, but only that it is an organic food bar."

*Premier Nutrition, Inc. v. Organic Food Bar, Inc*., No. SACV 06-0827 AG, 2008 WL 1913163, at *5 (C.D. Cal. Mar. 27, 2008) (Guilford, J.). The Ninth Circuit affirmed the district court's granting of summary judgment in favor of the plaintiff and counter-defendant, and held that "the term 'Organic Food Bar' answers the question 'What are

you?' and therefore describes a type of product." *Premier Nutrition, Inc. v. Organic Food Bar, Inc.*, No. 08-55656, 327 Fed. Appx. 723, 724 (9th Cir. May 15, 2009) (affirming summary judgment on basis that "Organic Food Bar" is generic).

Similarly, Plaintiff in the instant action is using the words "organic protein" for their common meanings. According to the Cambridge Dictionary, the term "organic" is defined as "not using artificial chemicals in the production of plants and animals for food."³ The term "protein" is defined as "one of the many substances found in food such as meat, cheese, fish, or eggs, that is necessary for the body to grow and be strong."⁴ According to these definitions, which the Court can and should take judicial notice of as explained below in greater detail, "organic protein" simply indicates what the product is. Plaintiff even confirms in its Complaint that it provides "premium **protein** supplement products **free of certain additives** or ingredients," and that a primary selling point is the "**lack of certain unwanted ingredients**" – exactly corresponding to the dictionary definitions of "organic" and "protein." (Compl. ¶¶ 2, 16) (emphasis added).

## C. The Court Can Determine that "Organic Protein" is Generic Based on the Pleadings and Judicially Noticed Facts.

Dictionary definitions, such as the ones discussed above, are "relevant and often persuasive in determining how a term is understood by the consuming public, the ultimate test of whether a trademark is generic." *Surgicenters*, 601 F.2d at 1017. The Court may take judicial notice of dictionary definitions. *See Wayne v. Leal*, No. 07-1605, 2009 WL 2406299, at *4 (S.D. Cal. Aug. 4, 2009) (court may take judicial notice of facts "that are capable of accurate and ready determination by resort to resources whose accuracy cannot reasonably be questioned, such as an almanac, ***dictionary***, calendar, or other similar source") (emphasis added). In general, the Court can consider judicially noticeable facts in resolving a motion to dismiss, and this does not transform the motion into one for

---

³ https://dictionary.cambridge.org/dictionary/english/organic#dataset-cacd (last visited Sept. 13, 2018); *see* RJN Ex. 1.
⁴ https://dictionary.cambridge.org/dictionary/english/protein#dataset-cacd (last visited Sept. 13, 2018); *see* RJN Ex. 2.

summary judgment. *See Tellabs v. Makor Issues and Rights*, 551 U.S. 308, 127 S. Ct. 2499, 2509 (2007); *Colony Cove Props., LLC v. City of Carson*, 640 F.3d 948, 955 (9th Cir. 2011).

While questions of genericness are often questions of fact, there are cases in which this determination may be made as a matter of law at the pleadings stage. *See, e.g., Closed Loop Marketing, Inc. v. Closed Loop Marketing*, LLC, 589 F. Supp. 2d 1211 (E.D. Cal. 2008). In *Closed Loop Marketing*, the court found it was not compelled to accept the plaintiff's "conclusory allegations" as to whether the name "closed loop marketing" was generic. Instead, the court asked "whether the plaintiff's allegations or the judicially noticed facts are sufficient to resolve this question." *Id*. at 1217. Based thereon, the court found that the term "closed loop marketing" was indeed generic and dismissed the plaintiff's claims.

Similarly, the Ninth Circuit recently affirmed the Northern District of California's dismissal of a trademark case at the pleading stage. *Mintz v. Subaru of America, Inc*., 716 Fed. Appx. 618 (9th Cir. 2017). The plaintiff alleged trademark infringement of its trademarked phrase "A World of Love, for You and Those You Love," by Subaru's "Share the Love" advertising campaign. While the district court's ruling was largely based on the implausibility of a likelihood of confusion (also often a fact question), the Ninth Circuit noted that the marks "only share the generic word 'love,' which could not be trademarked on its own and cannot plausibly be the ground for an infringement claim." *Id*. at 620-21; *accord, CES Publishing*, 531 F.2d at 13, 15 (remanding trademark infringement case with instructions to dismiss under Rule 12(b)(6) because the purported mark CONSUMER ELECTRONICS was generic).

When a term is as clearly unprotectable as "organic protein," a 12(b)(6) dismissal is appropriate. *See, e.g., Image Online Design, Inc. v. Internet Corporation for Assigned Names and Numbers*, 2013 WL 489899, at *8 (C.D. Cal. 2013) ("Because the purported mark .WEB used as a [top-level domain name] is generic, [the plaintiff] cannot obtain common law trademark protection and therefore cannot state a claim for

infringement…"); *Energy Intelligence Group, Inc. v. UBS Financial Services, Inc.*, No. 08 Civ. 1497, 2009 WL 1490603, at *3-*6 (S.D.N.Y. May 22, 2009) (dismissing Lanham Act claims and holding THE OIL DAILY generic for newsletters in oil and gas industry); *Le Book Publ'g, Inc. v. Black Book Photography, Inc.*, 418 F. Supp. 2d 305, 311 (S.D.N.Y. 2005) (dismissing claim because "the word 'book' is a generic term and cannot be registered as a trademark"); *Merritt Forbes & Co., Inc. v. Newman Inv. Secs., Inc.*, 604 F. Supp. 943, 955, 957 (S.D.N.Y. 1985) (holding TENDER OPTION and TENDER OPTION PROGRAM generic in field of securities and dismissing claims on 12(b)(6) motion).

Importantly, this is not a case involving a registered trademark. Plaintiff relies on no trademark registrations and therefore enjoys no presumption that "organic protein" is a valid, protectable mark. In fact, it is Plaintiff's burden to prove that its "mark" is not generic. *See Filipino Yellow Pages* at 1146. Based on these indisputable facts and case authority, there is no plausible claim that "organic protein" is a trademark owned by Plaintiff, and the claims for relief relying on this claim should be dismissed.

### D. All Claims Based on Plaintiff's Alleged Ownership of "Organic Protein" or Iovate's Use of "Organic Protein" Should Be Dismissed.

With respect to Plaintiff's claims based on the term "Organic Protein," Plaintiff has not plausibly pled the first element of a Lanham Act claim – namely, a protectable mark. Accordingly, the Lanham Act claims (Plaintiff's first claim for relief) based on "organic protein" should be dismissed. So too should Plaintiff's state law claims based on "organic protein."

Specifically, with respect to Plaintiff's claims of trademark infringement and unfair competition under California statutory and common law (Plaintiff's second and fourth claims for relief), the Ninth Circuit has found that trademark infringement and unfair competition claims under California state law are "substantially congruent" with federal trademark infringement and unfair competition claims and subject to the same analysis. *See Grupo Gigante S.A. de C.V. v. Dallo & Co.* 391 F.3d 1088, 1100 (9th Cir. 2004)

(quoting *Playboy Enters., Inc. v. Netscape Commc'ns Corp.*, 354 F.3d 1020, 1024 n.10 (9th Cir. 2004)); *Yelp Inc. v. Catron*, No. 13-CV-02859-WHO, 2014 WL 4966706, at *10 (N.D. Cal. Oct. 1, 2014). Accordingly, the Court may apply federal law to dismiss the state trademark infringement and unfair competition claims based on "organic protein" in Plaintiff's Complaint. *See Closed Loop*, 589 F. Supp. 2d at 1220 (dismissing state law unfair competition claim under Cal. Bus. & Prof. Code § 17200 as derivative of Lanham Act claims); *Glow Indus., Inc. v. Lopez*, 252 F. Supp. 2d 962, 975 n.90 (C.D. Cal. 2002) ("elements of state claims for trademark infringement and unfair competition are substantially similar to those of the comparable federal claims").

### E. Plaintiff's State False Advertising Claim Should Be Dismissed In Its Entirety.

Plaintiff's third claim for relief for false advertising under Cal. Bus. & Prof. Code § 17500 should be dismissed in its entirety. To establish false advertising under California law, a plaintiff must prove that the defendant made statements that are misleading to a reasonable consumer. *Rice v. Fox Broadcasting Co.*, 330 F.3d 1170, 1182 n.8 (9th Cir. 2003). Plaintiff has identified no such statements, and merely recites the same facts allegedly giving rise to Plaintiff's other claims – that Iovate uses the term "organic protein" and uses certain design elements on its product packaging. Plaintiff fails to identify any specific advertisements or materials that give rise to its false advertising claim, and therefore does not give Iovate adequate notice of its alleged violations. *See In re Sony Grand Wega KDF–E A10/A20 Series Rear Projection HDTV Television Litig.*, 758 F. Supp. 2d 1077, 1093-94 (S.D. Cal. 2010) (finding that failure to identify "specific advertisements, when and where they were shown, or why they were untrue or misleading . . . does not provide [defendant] with adequate notice of its alleged violations"); *VP Racing Fuels, Inc. v. Gen. Petroleum*, 673 F. Supp. 2d 1073, 1088 (E.D. Cal. 2009) ("The underlying element of a false advertising claim is some type of advertising statement.") (citation omitted). Plaintiff's Complaint identifies no misleading "statements" and merely makes the conclusory assertion that "through these activities"

(apparently referring to Iovate's use of the term "organic protein" and trade dress elements), Iovate "has engaged in false advertising pursuant to Cal. Bus. & Prof. Code § 17500." (Compl. ¶ 51.) Bare allegations like these are insufficient to withstand a motion to dismiss. *Ashcroft*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

## IV. CONCLUSION

For all of the foregoing reasons, the Court should grant this Motion, dismiss all of Plaintiff's claims based on Iovate's use of "organic protein," dismiss Plaintiff's false advertising claim under California law, and grant such further and other relief as the Court deems appropriate.

Dated: September 14, 2018

PACIFIC TRIAL ATTORNEYS
A Professional Corporation

By: */s/Scott J. Ferrell*
    Scott J. Ferrell
    Attorneys for Defendants
    NORTHERN INNOVATIONS HOLDING CORP., LAKESIDE INNOVATIONS HOLDING CORP., IOVATE HEALTH SCIENCES INTERNATIONAL, INC., IOVATE HEALTH SCIENCES U.SA. INC. (misidentified as IOVATE HEALTH SCIENCES INTERNATIONAL U.S.A., INC.)

- 11 -
DEFS' MOTION TO DISMISS

# CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2018, I electronically filed the foregoing **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

                                              */s/Scott J. Ferrell*
                                              Scott J. Ferrell