UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:18-cv-01253-JLS-ADS            Date: March 28, 2019
Title: Orgain, Inc. v. Northern Innovations Holding Corp. et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                       Not Present

**PROCEEDINGS:**     **(IN CHAMBERS) ORDER (1) DENYING DEFENDANTS' MOTION TO DISMISS (Doc. 54) AND (2) DENYING AS MOOT PLAINTIFF'S MOTION TO STRIKE REPLY (Doc. 62.)**

      Before the Court is a Motion to Dismiss filed by Defendants Northern Innovations Holding Corp (d/b/a Purely Inspired), Lakeside Innovations Holding Corp., Iovate Health Sciences International, Inc., Iovate Health Sciences International U.S.A., Inc., and Kerr Investment Holding Corp. (Mot., Doc. 54.) Plaintiff opposed. (Opp., Doc. 58.) Defendants replied. (Reply, Doc. 61.) The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. Accordingly, the hearing set for March 29, 2019, at 10:30 a.m., is removed from the calendar. For the reasons given below, the Court DENIES Defendants' Motion.

**I.**     **Background**

     **A.**     **The Court's Prior Order**

      The instant Motion is Defendants' second Motion to Dismiss. On December 6, 2018, the Court granted in part and denied in part Defendants' first Motion to Dismiss. (Order re First MTD, Doc. 52.) The underlying facts of the case are described in that Order. (*Id.* at 1-3.) At heart, the dispute is whether Defendants' use of certain stylized packaging and the mark "Organic Protein" on Defendants' nutritional products infringes

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:18-cv-01253-JLS-ADS                                   Date: March 28, 2019
Title: Orgain, Inc. v. Northern Innovations Holding Corp. et al.

on Plaintiff's trade dress and trademark rights. (*See id.*) The Court previously upheld Plaintiff's trade dress claims but dismissed Plaintiff's trademark claims. (*Id.* at 11-12.)

With regard to the trademark claims, Defendants argued that "Organic Protein" is generic and therefore unprotectable. (*Id.* at 4.) Plaintiff averred that "Organic Protein" is descriptive, and therefore distinctive and protectable if Plaintiff can also show that the mark has acquired "secondary meaning" that identifies Plaintiff as the mark's owner to consumers. (*Id.* at 5-6.) The Court found that "[w]hether a mark is distinctive is a question of fact ill-suited for determination on a motion to dismiss . . . Still, however, the plaintiff bears the ultimate burden of proof in a trademark-infringement action that the trademark is valid and protectable." (*Id.* at 4-5 (internal quotation marks and citations omitted).) Hence, to survive a motion to dismiss, a plaintiff must "establish a plausible inference of validity by pleading [] facts tending to show protectable distinctiveness." (*Id.* at 5.)

The Court found that Plaintiff's original Complaint did not plausibly support Plaintiff's assertion that the "Organic Protein" mark is descriptive. (*Id.* at 6-7.) According to Ninth Circuit law, "[m]ore than simply stating *what* the product is at a categorical level, a descriptive mark says something *about* the product's composition, features, or origin." (*Id.* at 6.) "As pleaded, [however,] . . . [n]othing in the Complaint point[ed] to a characteristic, feature or ingredient of Plaintiff's product that 'Organic Protein' supposedly *describes*." (*Id.*) Thus, "the Court conclude[d] [] that Plaintiff ha[d] not carried its burden of plausibly alleging distinctiveness because the Complaint fail[ed] to establish a descriptive nexus between the 'Organic Protein' mark on the product's label and the product itself." (*Id.* at 8.) Because Plaintiff did not adequately plead the threshold question of descriptiveness, the Court declined to evaluate Plaintiff's allegations of secondary meaning. (*Id.* at 7-8.)

The Court granted Plaintiff leave to amend the Complaint, noting that "further facts could be alleged that bridge the descriptive gap between 'Organic Protein' and some feature or characteristic of the product it purports to describe." (*Id.* at 11.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:18-cv-01253-JLS-ADS | Date: March 28, 2019 |
| Title: Orgain, Inc. v. Northern Innovations Holding Corp. et al. | |

### B. The First Amended Complaint

On January 7, 2019, Plaintiff availed itself of the Court's leave and filed a First Amended Complaint. (FAC, Doc. 53.) Plaintiff now alleges that "[t]he words 'organic protein' may be used to describe characteristics of certain ingredients in [Plaintiff's] products." (FAC ¶ 35.)

> For example, [one product] contains the following ingredients: filtered water, *organic* pea *protein*, *organic* erythritol, *organic* acacia gum, *organic* alkalized cocoa, *organic* high oleic sunflower oil, *organic* rice extract, *organic* natural flavor, *organic* stevia, sea salt, and natural flavor. [Another product] contains filtered water, *organic* milk *protein* concentrate, *organic* whey protein concentrate, *organic* erythritol, *organic* alkalized cocoa, *organic* natural flavors, *organic* high oleic sunflower oil, *organic* rice bran extract, sea salt, *organic* stevia, *organic* inulin, and *organic* locust bean gum. [Another product] contains filtered water, almonds, *organic* pea *protein*, *organic* cane sugar, *organic* natural flavors, *organic* rice bran extract, sea salt, locust bean gum, and ergocalciferol (vitamin D2). [Another product] contains *organic* pea *protein*, *organic* brown rice *protein*, *organic* chia seed, *organic* acacia gum, *organic* high oleic sunflower oil, *organic* inulin, *organic* rice dextrins, *organic* rice bran extract, *organic* rosemary extract, *organic* erythritol, *organic* natural flavors, *organic* alkalized cocoa, natural flavor, sea salt, *organic* acacia gum, *organic* guar gum, and *organic* stevia. [Another product] contains *organic* pea *protein*, *organic* brown rice *protein*, *organic* chia seed, *organic* acacia gum, *organic* high oleic sunflower oil, *organic* inulin, *organic* rice dextrins, *organic* rice bran extract, *organic* rosemary extract, *organic* erythritol, *organic* spinach, *organic* broccoli, *organic* kale, natural flavor, sea salt, *organic* acacia gum, *organic* guar gum, and *organic* stevia. [Another product] contains *organic* brown rice *protein, organic* pea *protein*, *organic* rice flour, *organic* ground chia seeds, *organic* tapioca syrup, *organic* tapioca fiber, *organic* cane sugar, *organic* cocoa liquor, *organic* cocoa butter, *organic* vanilla, *organic* almonds, *organic* erythritol, *organic* vegetable glycerin, natural flavor, sea salt, and sunflower lecithin.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:18-cv-01253-JLS-ADS       Date: March 28, 2019
Title: Orgain, Inc. v. Northern Innovations Holding Corp. et al.

(*Id.* ¶¶ 36-41 (emphasis original).)  Plaintiff alleges that these products "contain some ingredients that can be described as 'organic' and some that can be described as [']protein,' . . . [and] th[ose] terms can be used to describe a few of the ingredients in different products that have over a dozen different ingredients."  (*Id.* ¶ 42.)

Plaintiff further alleges that its "Organic Protein" branded products are broadly popular, with over $100 million in nationwide sales through a number of online and brick-and-mortar retailers.  (*Id.* ¶¶ 52-56.)  Plaintiff claims that customers recognize the "Organic Protein" mark as identifying Plaintiff as a product's manufacturer.  (*Id.* ¶¶ 60-61.)  Additionally, Plaintiff alleges that Defendants' use of the "Organic Protein" mark is likely to cause confusion among consumers.  (*Id.* ¶¶ 78-79.)  The Complaint details numerous instances of alleged actual confusion reported by customers, either directly to Plaintiff or to third-party retailers.  (*Id.* ¶¶ 80-81, 83.)

Defendants now move to dismiss the trademark claims in the First Amended Complaint.  (Mot. at 1.)  The Motion also seeks to dismiss Plaintiff's ancillary state law claims insofar as such claims are predicated on the trademark claims.  (*Id.* at 23.)

## II.  Discussion

"To prevail on an infringement claim, 'a plaintiff must show that: 1) it has a valid, protectable mark, and 2) the defendant's use of the mark is likely to cause consumer confusion.  To be valid and protectable, a mark must be distinctive.'"  (Order re First MTD at 4 (quoting *OTR Wheel Engineering, Inc. v. West Worldwide Services, Inc.*, 897 F.3d 1008, 1022 (9th Cir. 2018).)  "Hence, at the pleading stage, a claim for relief must plausibly allege those elements to withstand a motion to dismiss."  (*Id.*)

Defendants' primary argument against the validity of Plaintiff's asserted mark is that "Organic Protein" is a generic term, meaning it is not distinctive and therefore not protectable.  (Mot. at 3-21.)  As the Court described in its prior Order, whether a mark is generic or distinctive is a factual inquiry.  (Order re First MTD at 4-5 (citing *Yellow Cab Co. of Sacramento v. Yellow Cab of Elk Grove, Inc.*, 419 F.3d 925, 929 (9th Cir. 2005); *Zobmondo Entertainment, LLC v. Falls Media, LLC*, 602 F.3d 1108, 1113 (9th Cir. 2010).)  Accordingly, the Court rejects Defendants' call to rule on the distinctiveness of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:18-cv-01253-JLS-ADS | Date: March 28, 2019 |
| Title: Orgain, Inc. v. Northern Innovations Holding Corp. et al. | |

the "Organic Protein" mark at the pleading stage.[1]

Nevertheless, as discussed above, Plaintiff must still sufficiently allege the distinctiveness of the asserted mark. Plaintiff argues that the First Amended Complaint remedies the deficiencies of the original Complaint because the former contains allegations that the products at issue "contain ingredients that can be *described* as 'organic' and some that can be *described* as 'organic protein,' but the products bearing the ["Organic Protein"] trademark contain far more." (Opp. at 7-8 (emphasis added).) The Court agrees that the First Amended Complaint adequately remedies the previously-identified deficiencies and plausibly alleges descriptiveness of the "Organic Protein" mark. It is plausible that "Organic Protein" describes a certain characteristic of Plaintiff's products—*i.e.*, that certain ingredients are either organic, types of protein, or both—rather merely reflecting an eponymous product category. To be sure, the Court makes no finding of fact regarding the distinctiveness of the "Organic Protein" mark; the Court holds only that Plaintiff has alleged facts sufficient to support a plausible inference of descriptive distinctiveness. (*See* Order re First MTD at 5.)

However, "a descriptive mark is protectable [only] if it has acquired a "secondary meaning" that identifies the mark's owner. (*Id.* at 5-6 (citing *Kendall-Jackson*, 150 F.3d at 1047).) Plaintiff sufficiently alleges this element as well. (*See* FAC ¶¶ 60-61.) Similarly, Plaintiff adequately pleads that Defendants' use of the "Organic Protein" mark is likely to cause consumer confusion. (*Id.* ¶¶ 78-79.) Indeed, the First Amended Complaint details numerous instances of *actual* confusion. (*Id.* ¶¶ 80-81, 83.) Thus, Plaintiff sufficiently pleads all requisite elements of a claim for trademark infringement. Accordingly, Defendants' Motion is denied.[2]

---

[1] As in its prior Order, the Court therefore declines to take judicial notice of the extrinsic evidence of distinctiveness or lack thereof offered by Defendants' in their Request for Judicial Notice (Doc. 54-1) and attached to their reply brief. (*See* Order re First MTD at n. 2.) Plaintiff's Motion to Strike Reply (Doc. 62) is accordingly DENIED AS MOOT.

[2] The Motion is therefore also denied with respect to Plaintiff's ancillary state law claims predicated on the trademark claims. (*See* Order re First MTD at 10 (citing *Cleary v. News Corp.*, 30 F.3d 1255, 1262-63 (9th Cir. 1994); *Conifer Securities, LLC v. Conifer Capital LLC*, 2003 WL 1873270, at *2 (N.D. Cal. Apr. 2, 2003)).)

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:18-cv-01253-JLS-ADS　　　　　　　　　　　　Date: March 28, 2019
Title: Orgain, Inc. v. Northern Innovations Holding Corp. et al.

### III.　Conclusion

　　For the foregoing reasons, Defendants' Motion to Dismiss is DENIED and Plaintiff's Motion to Strike Reply is DENIED AS MOOT.

　　　　　　　　　　　　　　　　　　　　　　　　　　Initials of Preparer:  tg

___